United States District Court
Southern District of Texas
**ENTERED**
November 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAD M. BUSTO, a/k/a CHAD BUSTO, a/k/a C. M. BUSTO, a/k/a CHAD MICHAEL BUSTO, a/k/a "C. M. BUSTO, THE FIRST," #2107265, | § § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. H-23-4339 |
| LYNN N. HUGHES, | § § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a felony pretrial detainee in custody of the Fairfax County Adult Detention Center in Fairfax, Virginia, filed a handwritten pleading against former federal district judge Lynn N. Hughes. The Court construes the pleading as a complaint brought pursuant to 42 U.S.C. § 1983.[1] Plaintiff has not paid the $402.00 filing fee and impliedly seeks to proceed *in forma pauperis*.

Having screened the complaint as required by 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

---

[1] Defendant Lynn N. Hughes is a retired federal district judge. Consequently, the Court does not construe this lawsuit as one brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Further, plaintiff fails to plead factual allegations showing that defendant Hughes is a state actor for purposes of section 1983.

## I. BACKGROUND AND CLAIMS

In his largely nonsensical and incoherent complaint, plaintiff sets forth a litany of events and litigation that has taken place in several states over the past two years. He contends that his life is in danger due to recent events in Virginia, California, Arizona, and other states, and that he is "suing Judge Hughes to request he put me in the federal witness protection program!!" (Docket Entry No. 1, p. 6, original emphasis.) The Court construes plaintiff's complaint as seeking injunctive relief against Hughes ordering him to place plaintiff in the federal witness protection program. In the alternative, plaintiff seeks judgment against defendant Hughes in the amount of $75,000.00. *Id.*

## II. ANALYSIS

Because plaintiff is a pretrial detainee who impliedly seeks leave to proceed *in forma pauperis*, the Court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 678; *Twombly*, 550 U.S. at 570. Plausibility requires sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to set forth (1) a short and plain statement of the grounds for the court's jurisdiction, and (2) a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(1), (2). While Rule 8(a)'s pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Facts must be alleged that convince the court that the plaintiff has at least a colorable claim; conclusory allegations will not suffice. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).

Plaintiff's pleading by no means meets the standards imposed by Rule 8(a). Nor can this Court liberally or even indulgently construe his claims and factual allegations as to any liability of defendant Hughes, as there are no applicable factual allegations to be construed. The purported complaint does not set forth a comprehensible set of facts from which the Court can find or broadly construe a federal claim for relief under 42 U.S.C. § 1983 against defendant Hughes. In short, plaintiff's pleading does not constitute a complaint for purposes of Rule 8(a) and raises no viable claims against the named defendant for purposes of preliminary screening. Moreover, defendant Hughes cannot order plaintiff's placement in the federal witness protection program, nor can this Court order defendant Hughes to

undertake such action, and plaintiff's request for injunctive relief fails as a matter of law. Under these circumstances, leave to amend the complaint will not be granted.

Plaintiff's complaint does not state a legally coherent theory of liability against defendant Hughes, and does not seek judicial relief that can be granted by the Court. The complaint will be dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted under section 1983.

### III.   CONCLUSION

For the reasons stated above, this lawsuit is **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a viable claim upon which relief may be granted under section 1983. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 21st day of November, 2023.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE